STATE OF HAWAII *v.* MANUEL ROSA
AND LAVERNE S. RODRIGUES.

No. 4810.

SEPTEMBER 12, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND
CIRCUIT JUDGE HAWKINS IN PLACE OF
KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

Appellants Laverne Rodrigues and Manuel Rosa, owner and operator, respectively, of Funville Amusement Book Store, located on Hotel Street in Honolulu, were charged in the district court of Honolulu, under separate complaints, with violation of HRS § 727-8, which prohibits circulation and sales of pornographic publications. Before trial they moved to suppress allegedly pornographic publications which had been seized by the police as evidence under a search warrant. Upon denial of the motion, they appealed directly to this court.

This court has no jurisdiction to hear direct appeals by defendants from district court judgments in criminal cases, save for the exception in HRS § 641-1, which permits appeals solely upon points of law, if so stated in the notices of appeal. Such appeals, however, must be taken from final judgments, and not from interlocutory deci-

sions. *Provisional Government* v. *Ah Un,* 9 Haw. 164 (1893); *Gear* v. *Henry,* 21 Haw. 54 (1912). A denial of a motion to suppress evidence is interlocutory in nature. Appellants state that the appeals were also from a denial of a motion to dismiss the complaints, although the magistrate's certificate does not say so. Even a denial of a motion to dismiss is interlocutory. Consequently, we have no alternative here but to dismiss the appeals, much as we appreciate the importance of a decision of this court on the merits of the question involved.

If upon trial, appellants should be convicted, and appeal from the convictions, the propriety of any interlocutory ruling may then be considered. *Correa* v. *Baldwin and Saffrey,* 16 Haw. 782 (1904).

The provisions of HRS § 641-2 relating to interlocutory appeals and HRS § 642-1 relating to reserved questions do not apply to district courts. It may also be mentioned that the instant appeals are defective in form in failing to comply with the provision of HRS § 641-1 requiring that the notice of appeal state that the appeal is taken on points of law, and the requirement of Rule 13 of the rules of this court requiring that the magistrate's certificate state the points of law upon which the appeal is taken.

The appeals are dismissed, and the cases are remanded to the district court for further proceedings.

*Francis T. De Mello* for appellants.

*Patrick K. S. L. Yim,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney with him on the brief), for appellee.