STATE OF HAWAII, Plaintiff-Appellee, *v.* MARIO F. VALIANI, Defendant-Appellant

NO. 5818

JUNE 29, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* We have, *sua sponte,* raised the threshold question as to whether we have jurisdiction to entertain this appeal.

On December 19, 1974, defendant-appellant, Mario F. Valiani (hereinafter defendant) was charged before the district court of the first circuit, Koolaupoko division, with the offense of disorderly conduct, a violation of section 711-1101 of the Hawaii Penal Code,[1] as amended by Act 164, S.L.H. 1974. Immediately after he had entered his plea of not guilty, he orally moved for dismissal of the charge against him on the ground that the statute is unconstitutionally vague and

---

[1] The text of the Hawaii Penal Code which has not yet been published in HRS is found in Act 9, S.L.H. 1972, pp. 32-142. A table published on pages 393 to 395 in the 1975 Supplement to Vol. 7 of HRS shows where in the session laws amendments and additions to the Hawaii Penal Code can be found.

overbroad. The district court denied defendant's motion to dismiss. Defendant has appealed to us from the order denying his motion with leave of the district court to file an interlocutory appeal under HRS § 641-12 (Supp. 1975) and Rule 43(b) of the District Court Rules of Penal Procedure (D.C.R.P.P.).

HRS § 641-12 (Supp. 1975) relates to criminal appeals by defendants from the district courts. It explicitly provides that: "Appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Thus, with respect to appeals by defendants in criminal cases from the district courts, HRS § 641-12 (Supp. 1975) confines our jurisdiction to appeals from "final decisions and final judgments" of the district courts.[2]

In *Berman* v. *United States*, 302 U.S. 211 (1937), it was stated at pp. 212-213 that: "in criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation . . . on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.' (citations omitted.)" The denial of the defendant's motion to dismiss the charge did not terminate the criminal proceedings against defendant on the merits. On the contrary, all it did was to require trial on the merits as to the guilt or innocence of the defendant. We find nothing in Rule 43, D.C.R.P.P., which would alter our conclusion that the order in this case lacks the finality to invoke our jurisdiction. That rule only authorizes an appeal as permitted by HRS § 641-12 (Supp. 1975). Even the defendant has correctly conceded in his opening brief that such an order was interlocutory in nature.

. We are aware that under HRS § 641-17 (Supp. 1975) interlocutory appeals in criminal matters may be taken to the

---

[2] HRS § 641-13 (Supp. 1975) authorizes the state to appeal in criminal cases from both the district and circuit courts to the supreme court in certain particular circumstances described therein. This section, however, precludes the state to appeal in any case where there has been a verdict in favor of the defendants.

supreme court from the circuit courts.[3] There is, however, no statutory warrant for interlocutory appeals in criminal cases from district courts.

A review of our decisions shows that we held many years ago in *Prov. Govt.* v. *Ah Un,* 9 Haw. 164 (1893) under statutory authority[4] which contained language much broader than HRS § 641-12 (Supp. 1975), that we did not have appellate jurisdiction of an appeal from a district magistrate's[5] order denying a defendant's motion to be discharged of an offense because such an order was not final. We stated on page 165 our reasons as follows:

"We cannot find any authority in our statutes or in reason for allowing appeals from interlocutory or provisional rulings of a district court. It would be intolerable to allow such a procedure. For then a party in any case, civil or criminal, could take an appeal on one ruling upon the first plea which might be made, and the case would be tied up till it could be heard by the Supreme Court. If the judgment of the Supreme Court should be adverse to the appellant, the case would go back to the district court where decisions upon further pleas or motions or objections to the introduction of evidence might be made the subject of further appeals to be heard seriatim by the Supreme Court, and thus the case vibrate back and forth

---

[3] HRS § 641-17 (Supp. 1975) provides as follows:

"Interlocutory appeals from circuit courts, criminal matters. Upon application made within the time provided by the rules of court, an appeal in a criminal matter may be allowed to a defendant from the circuit court to the supreme court from a decision denying a motion to dismiss or from other interlocutory orders, decisions or judgments, whenever the judge in his discretion may think the same advisable for a more speedy termination of the case. The refusal of the judge to allow an interlocutory appeal to the supreme court shall not be reviewable by any other court."

[4] Under L. 1892, Act 57, sec. 68, appeals were allowed "from all decisions of District Magistrates in all matters, whether civil or criminal, to the Circuit Court of the same Circuit" for a trial de novo, except that "any appeal solely upon points of law from a decision of a District Magistrate . . . may be made either to the Circuit Court of the same Circuit, or to the Supreme Court . . . ."

[5] Effective January 1, 1972, under Act 188, S.L.H. 1970, district court judges took over the duties of district magistrates.

between the courts and the proceedings be interminable."

More recently in the case of *State* v. *Rosa,* 51 Haw. 279, 458 P.2d 668 (1969), we dismissed an appeal from an interlocutory order entered in district court in a criminal matter.

We have repeatedly stated that: "An appellate court is under an obligation to ensure that it has jurisdiction to hear and determine each case and to dismiss an appeal on its own motion where it concludes it lacks jurisdiction." *BDM, Inc.* v. *Sageco, Inc.* 57 Haw. 73, 549 P.2d 1147 (1976); *Wylly v. First Hawaiian Bank,* 57 Haw. 61, 549 P.2d 477 (1976); *Jezierny v. Biggins,* 56 Haw. 662, 548 P.2d 251 (1976), on motion for advancement on calendar (motion to reinstate appeal denied May 12, 1976). *See also State* v. *Dawson,* 54 Haw. 400, 507 P.2d 723 (1973); *Francone* v. *McClay,* 40 Haw. 475 (1954).

Lacking jurisdiction to entertain this appeal which "can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion," *Naki* v. *Hawaiian Electric Co. Ltd.,* 50 Haw. 85, 86, 431 P.2d 943, 944 (1967), we are compelled to dismiss this appeal.

The appeal is dismissed and this case is remanded for further proceedings.

*Michael A. Weight* for defendant-appellant.

*Randolph R. Slaton,* Deputy Prosecuting Attorney (*Joseph Dubiel,* Deputy Prosecuting Attorney, on the brief, *Maurice Sapienza,* Prosecuting Attorney, of counsel) for plaintiff-appellee.