915 P.2d 700

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Errol T. OKUNO, Defendant–Appellant.**

No. 18929.

Supreme Court of Hawai'i.

April 17, 1996.

Earle A. Partington, on the briefs, Honolulu, for defendant-appellant.

Alexa D.M. Fujise, Deputy Prosecuting Attorney, on the briefs, Honolulu, for plaintiff-appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

MOON, Chief Justice.

Defendant-appellant Errol T. Okuno appeals from his conviction of Driving Under the Influence of Intoxicating Liquor (DUI), in violation of Hawai'i Revised Statutes (HRS) § 291-4(a).[1] Okuno asserts that the district court's denial of his motion to dismiss the criminal charge violated his rights under the double jeopardy clauses of the United States Constitution and the Hawai'i Constitution,[2] because he was previously punished as a result of his administrative driver's license revocation for the same offense, pursuant to HRS Chapter 286, Part XIV. Based upon our decision in State v. Toyomura, 80 Hawai'i 8, 904 P.2d 893 (1995), we affirm.

## I. BACKGROUND

On October 27, 1994, Okuno was arrested for, inter alia, violation of HRS § 291-4. Okuno's driver's license was administratively revoked, and, after an administrative hearing requested by Okuno, the revocation was sustained. Okuno was ordered to report to a district court counselor to make an appointment for an alcohol assessment. The appointment with the district court counselor took approximately one hour, and the counselor instructed Okuno to contact an alcohol assessment counselor to conduct an assessment, for which he would be required to pay $45.00.[3]

1. HRS § 291-4(a) (1993) provides that:

A person commits the offense of driving under the influence of intoxicating liquor if:
(1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor, meaning that the person concerned is under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty; or
(2) The person operates or assumes actual physical control of the operation of any vehicle with .10 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood or .10 or more grams of alcohol per two hundred ten liters of breath.

Although it appears from the record that Okuno was convicted under HRS § 291-4(a)(1), it is noted that he was also administered an Intoxilizer test, and that his blood alcohol content was .129 per cent.

2. The fifth amendment to the United States Constitution provides that "[n]o person shall ... be subject for the same offence to be twice put in jeopardy of life or limb[.]" Article I, section 10 of the Hawai'i Constitution (1978) provides that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy[.]"

3. HRS § 286-261(d) (1993) provides:

Whenever a license is administratively revoked under this part, the offender shall be referred to a certified substance abuse counsel-

Okuno complied with the district court counselor's instruction, and thereafter, on April 11, 1995, filed his "Motion to Dismiss DUI Charge on Grounds of Double Jeopardy." The motion was heard on April 13, 1995, at which time the district court denied the motion, ruling that

> the consequences of the ADLRO proceedings are, I believe them to be purely remedial, and even though ... the 14-hour program could and would be deemed as custodial.[4] I don't think that translates to mean that it is punitive, and in this case, it may even be (inaudible) since they have not even required it.

Following the ruling, the parties, by stipulation, submitted the case for trial on the police report. The district court found Okuno guilty of the DUI charge. Okuno was sentenced to a $150.00 fine, a 14-hour alcohol education program, and a $5.00 driver's education fee.[5] Okuno timely appealed.

## II. DISCUSSION

■ Whether the district court should have dismissed the DUI charge on double jeopardy grounds is a question of constitutional law that we review under the right/wrong standard. Toyomura, 80 Hawai'i at 15, 904 P.2d at 900 (citing State v. Higa, 79 Hawai'i 1, 3, 897 P.2d 928, 930 (1995)).

■ Okuno specifically eschews any argument that his administrative license revocation bars criminal punishment for DUI, admitting that, under Higa, "license revocations are solely remedial." Okuno's claim, rather, is that:

> The district court's findings that the counseling, assessment, and payment of the cost of the assessment imposed as a result of the administrative revocation are remedial in nature and not punitive are wrong as a matter of law. The counseling and assessment imposed in the administrative proceeding are inherently punitive in that Okuno was deprived of his liberty and the $45.00 cost of the assessment is in the nature of a punitive forfeiture.

Thus, Okuno's sole claim is that he has suffered multiple punishments as a result of the administrative revocation and criminal prosecution. This court considered and rejected the identical argument in Toyomura, which is dispositive of this appeal.

In Toyomura, this court explained that "the needs assessment and treatment provisions of HRS § 286–261(d) are essentially remedial[,]" id. at 22, 904 P.2d at 907, and are not punitive, but rather, are "permissible preconditions to the prospective privilege of relicensure."[6] Id. at 23, 904 P.2d at 908.

---

or for an assessment of the offender's alcohol abuse or dependence and the need for treatment. The counselor shall submit a report with recommendations to the director. If the counselor's assessment establishes that the extent of the offender's alcohol abuse or dependence warrants treatment, the director may so order. All costs for assessment and treatment shall be paid by the offender.

Okuno was apparently not ordered to undergo treatment.

4. The fourteen-hour program referred to by the court is an alcohol education program made mandatory for certain DUI offenders by HRS § 291–4(b) (1993), which provides, in relevant part, that:

A person committing the offense of driving under the influence of intoxicating liquor shall be sentenced as follows without possibility of probation or suspension of sentence:
(1) For a first offense, or any offense not preceded within a five-year period by a conviction under this section, by:
(A) A fourteen-hour minimum alcohol abuse rehabilitation program including education

and counseling, or other comparable program deemed appropriate by the court[.]

In Dow v. Circuit Court, 995 F.2d 922 (9th Cir. 1993), the United States Court of Appeals for the Ninth Circuit held that Dow's criminal DUI sentence to the fourteen-hour alcohol education program entailed "custody," implicating federal habeas corpus jurisdiction.

5. Contrary to Okuno's assertion, the 14-hour alcohol education program did not include the counseling and assessment Okuno had already undergone. The court expressly stated that "what I'll do on the DUI, I'll require the alcohol assessment and the 14 hours of counseling. I'll give you credit for anything you've done, so you needn't do the assessment again if you've already done that." (Emphasis added.)

6. HRS § 286–265 (1993) governs relicensing, and provides that:

To be eligible for relicensing after a period of administrative revocation has expired, the person shall:

We therefore held that subsequent conviction and punishment did not violate double jeopardy principles. *Id.*

■ Our decision in *Toyomura* was filed after Okuno filed his opening brief but before the deadline for Okuno's reply brief. Thus, in his reply brief, Okuno asserts that (1) *Toyomura*'s "gloss" upon HRS § 286–261(d) did not exist when Okuno's administrative driver's license revocation was upheld; thus, "[t]o apply this gloss retroactively in the instant case would violate Okuno's rights to due process of law under Article I, § 5, of the Hawaii Constitution and the [f]ourteenth [a]mendment to the United States Constitution," and (2) unlike the appellant in *Toyomura*, Okuno was not merely "referred" for counseling and assessment; rather, he was affirmatively required to undergo the counseling and assessment. Neither argument has merit.

■ In *State v. Ikezawa*, 75 Haw. 210, 857 P.2d 593 (1993), the court explained that factors to be considered in determining whether to apply a decision retroactively include: (1) "[p]rior history of the rule in question, its purpose and effect, and whether retroactive operation will further or retard its operation; [and (2) ] interests in the administration of justice and the integrity of the judicial process." *Id.* at 220, 857 P.2d at 598 (citation omitted). We emphasized that implicit in these factors is the concept of fairness, stating that "where substantial prejudice results from the retrospective application of new legal principles to a given set of facts, the inequity may be avoided by giving the guiding principles prospective application only." *Id.* at 220–221, 857 P.2d at 598.

Okuno has failed to show how he is substantially prejudiced by the retrospective application of the court's interpretation of HRS § 286–261(d) in *Toyomura*. This court was afforded its first opportunity, in *Toyomura*, to interpret section 286–261(d); thus, there is no previous precedent upon which Okuno could have relied. Retrospective application

of *Toyomura* to cases pending when it was decided satisfies the requirements enunciated in *Ikezawa* and is not violative of Okuno's right to due process.

Okuno's second argument is based upon differences in the format of the Notice of Administrative Decision forms. Toyomura's form indicated that the counseling and assessment was a condition for relicensing, while Okuno's form, without characterizing it as a requirement for relicensing, stated that "[y]ou must report to your County Division of Driver Education and make an appointment for an alcohol assessment." Okuno's second argument is specious. In *Toyomura*, we interpreted the operation of HRS § 286–261(d), not the Notice of Administrative Hearing Decision form, and explained that, pursuant to the statute, an offender has no mandatory duty to submit himself or herself to anything, but rather may simply elect not to comply with a referral order, albeit at the cost of eligibility for relicensure. *Toyomura*, 80 Hawai'i at 22, 904 P.2d at 907. The fact that Okuno's form did not expressly state that the needs assessment and counseling were a condition for relicensure did not change the effect of the statute.

Moreover, even if we were to accept his argument that, unlike the appellant in *Toyomura*, Okuno was affirmatively required to submit to counseling and assessment regardless of whether he chose to apply for relicensure, his double jeopardy argument must fail because the counseling and assessment serve purely remedial purposes and are not punitive. We explained in *Toyomura* that, "although [the appellant's] DUI conviction obviously subjected him to possible punishment, *see* HRS § 291–4(b)(1993), any punishment meted out was not 'additional' to the consequences of his administrative driver's license revocation, the latter, as noted, being '*non-punitive and purely remedial.*'" *Id.* at 23, 904 P.2d at 908 (emphasis added). Therefore, we hold Okuno has not been exposed to multiple "punishments" for the same offense.

(1) Submit proof to the director of compliance with all conditions imposed by the director or by the court;

(2) Obtain a certified statement from the director indicating eligibility for relicensing;

(3) Present the certified statement to the appropriate licensing official; and

(4) Successfully complete each requirement for obtaining a new license in this State including payment of all applicable fees.

### III. *CONCLUSION*

For the foregoing reasons, we affirm.