923 P.2d 388

**STATE of Hawai'i, Plaintiff–Appellee,**

**v.**

**Frankie A. ONTIVEROS, Defendant–Appellant.**

No. 19278.

Supreme Court of Hawai'i.

Aug. 30, 1996.

Earle A. Partington, on the briefs, Honolulu, for defendant-appellant.

Loren J. Thomas, Deputy Prosecuting Attorney, on the briefs, Honolulu, for plaintiff-appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

MOON, Chief Justice.

Defendant-appellant Frankie A. Ontiveros was convicted of Driving Under the Influence of Intoxicating Liquor (DUI), in violation of Hawai'i Revised Statutes (HRS) § 291-4(a) (1993).[1] On appeal, he argues that: (1) his motion to dismiss the DUI charge on grounds of double jeopardy was wrongly denied; and (2) the district court was without jurisdiction to try the DUI charge because a valid notice of appeal of the written order denying the motion to dismiss had been filed prior to trial. We disagree and affirm.

## I. BACKGROUND

Ontiveros was arrested on May 3, 1995, for DUI; he was also cited for making a right turn on red where prohibited, in violation of HRS § 291C-32(a)(3)(B) (1993).[2] On September 6, 1995, Ontiveros filed a motion to dismiss the DUI charge on double jeopardy grounds. The motion was heard on September 8, 1995, the day of trial. Defense counsel argued that Ontiveros had already been punished in the administrative driver's license revocation (ADLR) proceeding, see HRS chapter 286, Part XIV, because he had been ordered to undergo alcohol assessment and counseling and to pay the $200 cost thereof. The district court denied the motion, finding that the provisions of the ADLR process were remedial and not punitive. Ontiveros's counsel immediately presented a written order denying the motion, which the judge signed.

At that point, a recess was taken, and, when court reconvened, Ontiveros's counsel announced:

> Your Honor, I want to inform the Court that after [the] hearing on the motion and

---

1. HRS § 291–4(a) provides:

   A person commits the offense of driving under the influence of intoxicating liquor if:

   (1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor, meaning that the person concerned is under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty; or

   (2) The person operates or assumes actual physical control of the operation of any vehicle with .10 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood or .10 or more grams of alcohol per two hundred ten liters of breath.

   It is not entirely clear from the record whether Ontiveros's conviction was premised on subsection (a)(1) or subsection (a)(2).

2. HRS § 291C–32(a)(3)(B) provides:

   The driver of a vehicle which is stopped in obedience to a steady red indication may make a right turn but shall yield the right-of-way to pedestrians and other traffic proceeding as directed by the signal at said intersection, except that counties by ordinance may prohibit any such right turn against a steady red indication, which ordinance shall be effective when a sign is erected at such intersection giving notice thereof.

the Court signed the written order, I took the written order down and filed it with the clerk down [on] the third floor. And, immediately thereafter at 2:08 (two-oh-eight) P.M., and it's now 2:40 (two forty) P.M., I filed a Notice of Appeal under *State v. Baranco* [, 77 Hawai'i 351, 884 P.2d 729 (1994) ] as to the DUI charge only. Appeal from the denial of the double jeopardy motion.

Our position is that the Court no longer has jurisdiction over the DUI case, 8P on the calendar. And, the Court only has jurisdiction to go forward with 10P, the red light charge. I've informed the Prosecutor that if they wish a continuance to try the cases together once the appeal's decided, I do not object. But, my position will be that if they choose to go forward over my objection today on the jurisdictional issue and I should prevail, my view of it is that the DUI case can never be charged since the law requires both charges to be tried together. And, that's the Defense position at this point.

The court disagreed and concluded that the notice of appeal was a nullity. The court reasoned that HRS §§ 641–12 (1993) [3] and 641–17 (1993) [4] do not provide for an interlocutory appeal in a district court criminal case and that *Baranco* was a circuit court case with no applicability to the district courts. Further, the court pointed out that, in *State v. Valiani*, 57 Haw. 133, 552 P.2d 75 (1976), and *State v. Corpus*, 62 Haw. 297, 613 P.2d 362 (1980), this court held that it was without

jurisdiction to hear appeals from interlocutory orders of the district courts.

The two charges were then submitted for trial on stipulated facts. Ontiveros was acquitted of the red light charge because the prosecution failed to show that the three signs prohibiting such turns were authorized by ordinance. The court convicted Ontiveros of the DUI charge and fined him $150, plus a five dollar education fee. Ontiveros was not required to undergo the assessment, counseling, and fourteen-hour minimum alcohol abuse rehabilitation program because he had already completed a comparable Navy program. *See* HRS § 291–4(b)(1)(A) (1993) (requiring certain DUI offenders to undergo fourteen-hour minimum program "or other comparable program deemed appropriate by the court").

Immediately following the trial, Ontiveros amended his notice of appeal to include an appeal from the conviction.[5]

## II.   *DISCUSSION*

### A.   *The District Court's Jurisdiction Over the DUI Charge*

Whether the district court had jurisdiction to try and convict Ontiveros on the DUI charge is a question of law, which we review under the right/wrong standard. *See Bush v. Hawaiian Homes Commission*, 76 Hawai'i 128, 870 P.2d 1272 (1994).

"[T]he general rule is that the filing of a notice of appeal divests the trial court of

---

3.   HRS § 641–12 provides in pertinent part that "[a]ppeals upon the record shall be allowed from *all final decisions and final judgments* of district courts in all criminal matters." (Emphasis added.)

4.   HRS § 641–17 provides in pertinent part that: an appeal in a criminal matter may be allowed to a defendant from *the circuit court* to the supreme court, subject to chapter 602, from a decision denying a motion to dismiss or from other interlocutory orders, decisions, or judgments, whenever the judge in the judge's discretion may think the same advisable for a more speedy termination of the case. The refusal of the judge to allow an interlocutory appeal to the appellate court shall not be reviewable by any other court. (Emphasis added.)

5.   Technically, the conviction was not properly appealed by the amendment of the original notice of appeal. "Since an amended notice of appeal relates back to the notice of appeal it purports to amend, it does not appeal an order, judgment, or decree entered subsequent to the notice of appeal it purports to amend." *Enos v. Pacific Transfer & Warehouse*, 80 Hawai'i 345, 355–56, 910 P.2d 116, 126–27 (quoting *Chan v. Chan*, 7 Haw.App. 122, 129, 748 P.2d 807, 811 (1987)), *reconsideration denied*, 81 Hawai'i 400, 917 P.2d 727 (1996). However, we have established, as a general proposition, that counsel's failure to perfect an appeal in a criminal case does not preclude an appellant's right to appeal. *See State v. Erwin*, 57 Haw. 268, 554 P.2d 236 (1976); *State v. Allen*, 2 Haw.App. 606, 638 P.2d 338 (1981).

jurisdiction over the appealed case." *Richardson v. Sport Shinko (Waikiki Corp.)*, 76 Hawai'i 494, 500, 880 P.2d 169, 175 (1994) (citations omitted). The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court. *See, e.g., State v. Johnston*, 63 Haw. 9, 619 P.2d 1076 (1980) (holding that, where interlocutory appeal not authorized by statute and trial commenced after notice of appeal filed, appellate court was without jurisdiction). The issue, therefore, narrows to whether Ontiveros's interlocutory appeal from the district court's order denying his motion to dismiss on grounds of double punishment for the same offense was valid.

### 1. Statutory basis for appellate jurisdiction

■ The right to an appeal is strictly statutory. *See, e.g., State v. Dannenberg*, 74 Haw. 75, 837 P.2d 776, *reconsideration denied*, 843 P.2d 144 (1992). Appeals from the district court, in criminal cases, are authorized by HRS § 641–12, which, as previously noted, provides in pertinent part that "[a]ppeals upon the record shall be allowed from all *final decisions and final judgments* of district courts in all criminal matters." (Emphasis added.) Although interlocutory appeals in criminal matters may be taken to the supreme court from the circuit courts,[6] there is no analogous statute authorizing interlocutory appeals from the district courts in criminal matters. *See Valiani*, 57 Haw. at 135, 552 P.2d at 76; *Corpus*, 62 Haw. at 297, 613 P.2d at 362.

Ontiveros argues, however, that his appeal from the district court's order denying his motion to dismiss on double jeopardy grounds is authorized by HRS § 602–5(1) (1993) and by our holding in *Baranco*. HRS § 602–5(1), alone, does not confer jurisdiction over this appeal. It provides that "[t]he supreme court shall have jurisdiction and powers . . . [t]o hear and determine all questions of law, or of mixed law and fact, which

are *properly brought before it on any appeal allowed by law* from any other court or agency." HRS § 602–5(1) (emphasis added). In other words, there must be some independent basis for appellate jurisdiction. Apparently, Ontiveros's argument is that our holding in *Baranco* provides that independent basis.

■ In this case, as previously noted, the district court reasoned that *Baranco* applied only to collateral orders of the circuit courts and was not applicable to the district courts. We need not, however, determine whether the collateral order exception to the final judgment rule has any application to appeals from collateral orders of the district courts because, in this case, the order appealed from does not satisfy the prerequisites of a collateral order enumerated in *Baranco* and the case upon which it relied, *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

### 2. The *Baranco* case and the collateral order doctrine

In *Baranco*, this court addressed whether it had jurisdiction to consider an appeal from the circuit court's denial of a motion to dismiss an indictment with prejudice on the grounds that retrial, after a mistrial, would violate the defendants' constitutional guarantee against double jeopardy. 77 Hawai'i at 352, 884 P.2d at 730. We held that, based on the United States Supreme Court's rationale in *Abney*, the denial of the *Barancos'* motion was an immediately appealable collateral order, and, therefore, we had jurisdiction. *Id.* at 354–55, 884 P.2d at 732–33.

In *Abney*, the Court held that an order denying a motion to dismiss, in which the petitioners argued that retrial after conviction and remand exposed them to double jeopardy, was immediately appealable under the collateral order doctrine. The Court reasoned that the order denying Abney's motion to dismiss on double jeopardy grounds was a "final decision" and, thus, immediately ap-

---

**6.** *See supra* note 4.

pealable under 28 U.S.C. § 1291 [7] because, pursuant to *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the district court's order was a collateral order. The Court stated:

> This decision appears to fall in that small class which finally determines claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Abney*, 431 U.S. at 658–59, 97 S.Ct. at 2040 (quoting *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1226) (internal quotation marks omitted).

> The Supreme Court explained that, under the collateral order exception, an interlocutory order is appealable if it: (1) fully disposes of the question at issue; (2) resolves an issue completely collateral to the merits of the case; and (3) involves important rights which would be irreparably lost if review had to await a final judgment. *Abney*, 431 U.S. at 658–659, 97 S.Ct. at 2039–2040.

*Baranco*, 77 Hawai'i at 353–54, 884 P.2d at 731–32. *See also Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978).

The *Abney* Court determined that these requirements were satisfied in the case before it because,

> [i]n the first place, there can be no doubt that such orders constitute a complete, formal, and, in the trial court, final rejection of a criminal defendant's double jeopardy claim.... Hence, *Cohen*'s threshold requirement of a fully consummated decision is satisfied.

> Moreover, the very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue at the accused's impending criminal trial,

*i.e.*, whether or not the accused is guilty of the offense charged....

> Finally, the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence.

*Abney*, 431 U.S. at 659–60, 97 S.Ct. at 2041. The Court therefore held that "pretrial orders rejecting claims of former jeopardy, *such as presently before us*, constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of § 1291." *Id.* at 662, 97 S.Ct. at 2042 (emphasis added) (footnote omitted).

In *Baranco*, the order appealed from, like the order before the *Abney* Court, rejected a claim of former jeopardy that was based on the right not to be twice tried for the same offense. We expressly adopted the *Abney* rationale and held that "the collateral order exception to the final judgment rule permits an interlocutory appeal of an order denying a pretrial motion to dismiss an indictment on double jeopardy grounds." 77 Hawai'i at 355, 884 P.2d at 733.

█ We have often recognized that there are three separate and distinct aspects to the protections offered by the double jeopardy clause. "Double jeopardy protects individuals against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *State v. Higa*, 79 Hawai'i 1, 5, 897 P.2d 928, 932 (1995) (citing *State v. Lessary*, 75 Haw. 446, 454, 865 P.2d 150, 154 (1994), and *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989)). Onitveros's motion to dismiss, unlike those considered in *Abney* and *Baranco*, asserted a violation of only the third double jeopardy protection—protection against multiple punishments for the same offense. On appeal, Ontiveros contends:

> The double jeopardy clauses of the United States Constitution (the Fifth Amend-

---

7. Title 28 U.S.C. § 1291 provides in pertinent part that:

> The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United

States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

ment) and the Hawaii Constitution (Art. I, § 10) protect a person "against a second prosecution and/or a second punishment for the same wrongful act or offense." *State v. Cabral,* 8 Haw.App. 506, 511, 810 P.2d 672, 676, *aff'd,* 72 Haw. 603, 822 P.2d 957 (1991). *The question in the instant case is whether Defendant is at risk of a second punishment for the same wrongful act of driving under the influence of intoxicating liquor (DUI).*

(Emphasis added.) Unlike the right not to be twice put to trial for the same offense, which was at issue in both *Baranco* and *Abney,* the right not to be subjected to double punishments does not satisfy the third prong of the collateral order doctrine because that right is not significantly undermined if review is postponed until after conviction and sentence.

With regard to this requirement of the collateral order doctrine, the *Abney* Court explained that not all orders affecting rights protected by the double jeopardy clause would warrant treatment as immediately appealable collateral orders; rather, only those that would infringe the right not to be tried for the same offense after conviction or acquittal would warrant such treatment:

> To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, *and that aspect of the right can be fully vindicated on an appeal following final judgment,* as the Government suggests. However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense.

431 U.S. at 660–61, 97 S.Ct. at 2041 (some emphases in original and some emphasis added) (footnote omitted).

■ *Abney,* therefore, established that denials of motions to dismiss based on arguments that, if correct, would establish that the defendant has a right "not to be tried" are collateral orders immediately appealable as final decisions. *See Mitchell v. Forsyth,* 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (stating that, "[w]hen a

district court has denied a defendant's claim of right not to stand trial, on double jeopardy grounds, for example, we have consistently held the court's decision appealable, for such a right cannot be effectively vindicated after the trial has occurred," and holding that denial of a claim of qualified immunity, which confers immunity from suit, rather than mere defense to liability, is appealable collateral order) (citing *Abney* ).

Unlike the protection against a second prosecution for the same offense, the protection against a second punishment, which was the basis for Ontiveros's motion to dismiss, "can be fully vindicated on an appeal following final judgment[,]" *Abney,* 431 U.S. at 660, 97 S.Ct. at 2041, and, therefore, is not an immediately appealable collateral order. *See also* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3918.5, at 500 (*Abney* decision does not mean that there is a right to immediate appeal of every pretrial ruling that rejects a double jeopardy argument; appeal has been denied when the argument understood as being based on multiple punishments rather than multiple prosecutions); *United States v. Central Liquor Co.,* 628 F.2d 1264 (10th Cir. 1980) (explaining that right not to be tried more than once and right not to receive multiple convictions and punishments for the same offense are conceptually distinct rights and holding that denial of motion to dismiss based on latter held not to be appealable collateral order), *cert. denied, Central Liquor Co. v. United States,* 449 U.S. 1022, 101 S.Ct. 590, 66 L.Ed.2d 484 (1980), *rh'g denied,* 449 U.S. 1104, 101 S.Ct. 905, 66 L.Ed.2d 833 (1981).

We hold, therefore, that the district court's denial of Ontiveros's motion to dismiss was not an immediately appealable collateral order. Because the notice of appeal was jurisdictionally defective, it did not divest the district court of jurisdiction over the DUI charge. Where a motion to dismiss on double jeopardy grounds is premised on the protection against multiple punishments, rather than the right not to stand trial at all, the denial of the motion is not effectively unreviewable on appeal and, therefore, does not satisfy the requirements of the collateral

452

order doctrine as enumerated in *Abney* and *Baranco.*

Although we are without jurisdiction to address the merits of Ontiveros's interlocutory appeal from the denial of his motion to dismiss on double jeopardy grounds, the same issue is raised by his appeal from the DUI conviction, which we now consider.

### B. *The motion to dismiss on double jeopardy grounds was properly denied.*

██ "Whether the district court should have dismissed the DUI charge on double jeopardy grounds is a question of constitutional law that we review under the right/wrong standard." *State v. Okuno,* 81 Hawai'i 226, 228, 915 P.2d 700, 702 (1996) (citing *State v. Toyomura,* 80 Hawai'i 8, 15, 904 P.2d 893, 900 (1995)).

██ Ontiveros argues, essentially, that the denial of his motion to dismiss the DUI charge on double jeopardy grounds was erroneous because he "suffered punishment by virtue of the (1) restraint imposed by virtue of the license revocation proceeding, specifically the mandatory counseling, assessment, and education class, and (2) the de facto forfeiture resulting from the imposition of the $200.00 cost of the assessment."

We considered and rejected the identical argument in *Toyomura,* which is dispositive of this appeal.

In *Toyomura,* this court explained that "the needs assessment and treatment provisions of HRS § 286–261(d)[8] are essentially remedial," *id.* at 22, 904 P.2d at 907, and are not punitive, but rather, are "permissible preconditions to the prospective privilege of relicensure." *Id.* at 23, 904 P.2d at 908. We therefore held that subsequent conviction and punishment did not violate double jeopardy principles. *Id.* *Okuno,* 81 Hawai'i at 228–29, 915 P.2d at 702–03 (internal brackets and footnote omit-

ted). Ontiveros asserts, however, that *Toyomura* does not control this appeal because: (1) Ontiveros's motion to dismiss was brought and decided before *Toyomura,* which cannot be applied retroactively consistent with Ontiveros's due process rights under the Hawai'i and United States Constitutions; and (2) unlike the appellant in *Toyomura,* Ontiveros was not merely "referred" for counseling and assessment, but, rather, was affirmatively required to undergo the counseling and assessment. Again, these arguments, virtually verbatim, have been considered and rejected. In *Okuno,* we held that retrospective application of *Toyomura* to cases pending when it was decided is not violative of due process and that, regardless of the wording of the Notice of Administrative Hearing Decision form, HRS § 286–261(d) does not impose a mandatory duty on an offender to subject himself or herself to the counseling and assessment. *Id.* at 229, 915 P.2d at 703. Because counseling and assessment, as a consequence of administrative drivers' license revocation, are not punitive, but purely remedial, conviction for DUI does not expose an offender to multiple "punishments" for the same offense. *Id.* Ontiveros's motion to dismiss on double jeopardy grounds was, therefore, properly denied.

### III. CONCLUSION

For the reasons stated above, we affirm.

8. HRS § 286–261(d) (1993) provides:
   Whenever a license is administratively revoked under this part, the offender shall be referred to a certified substance abuse counselor for an assessment of the offender's alcohol abuse or dependence and the need for treatment. The counselor shall submit a report with recommendations to the director. If the counselor's assessment establishes that the extent of the offender's alcohol abuse or dependence warrants treatment, the director may so order. All costs for assessment and treatment shall be paid by the offender.