NO. 30064

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,

v.

DUANE LIUPAONO, Defendant-Appellee,

and

ACE BAIL BONDS, Real Party in Interest/Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 99-2055)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Real-Party-in-Interest/ Appellant Ace Bail Bonds, L.L.C. (Appellant Ace Bail Bonds), has asserted from the Honorable Richard K. Perkins' August 18, 2009 "Order Denying Ace Bail Bond's Motion to Reconsider Denial of Motion to Set-Aside Bail Forfeiture" (the August 18, 2009 order denying Appellant Ace Bail Bonds's motion to reconsider denial of motion to set aside bail forfeiture) because, under the circumstances of this case, the August 18, 2009 order denying Appellant Ace Bail Bonds's motion to reconsider denial of motion to set aside bail forfeiture is not an appealable order under Hawaii Revised Statutes (HRS) § 804-51 (Supp. 2008).

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). "Any party deeming oneself aggrieved by the

judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." HRS § 641-11 (Supp. 2008). However, it appears that HRS § 641-11 does not apply to this case, because a proceeding involving the "forfeiture of a bond is a civil proceeding." State v. Camara, 81 Hawaiʻi 324, 329 n.7, 916 P.2d 1225, 1230 n.7 (1996) (citation omitted). The supreme court has explained that the statute authorizing an appeal from a bail bond forfeiture proceeding is HRS § 804-51, and

> the appealable event is the order denying the motion to set aside the judgment of forfeiture.
> Once a motion to set aside is denied, the surety may appeal such denial "as in the case of a final judgment." Pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a)(1), a notice of appeal from a final judgment must be filed within thirty days from the date of entry of the judgment - in this case, thirty days from the order denying the motion to set aside.

State v. Camara, 81 Hawaiʻi at 329, 916 P.2d at 1230 (footnote omitted). Thus, in the instant case, the August 18, 2009 order denying Appellant Ace Bail Bonds's motion to reconsider denial of motion to set aside bail forfeiture might appear to be an appealable order pursuant to HRS § 804-51.

Nevertheless, it also appears that a prerequisite to a motion to set aside a bail forfeiture is the entry of a judgment on the bail forfeiture. "Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof[.]" HRS § 804-51 (emphasis added). In fact, the supreme court has expressly

recognize[d] that HRS §§ 804-1, -7.4(2), -17, and -51, . . . read in pari materia, . . . <u>mandate that</u>, upon a defendant's unexcused failure to appear for a court proceeding, (1) the defendant's "default shall be entered," (2) the default "shall be evidence of the breach of [an] appearance bond[]," and (3) if the defendant's bail bond is forfeited, "<u>the court shall immediately</u>" enter a forfeiture judgment in favor of the State and against the defendant and his or her surety.

State v. Ranger Insurance Company, 83 Hawai‘i 118, 122, 925 P.2d 288, 292 (1996) (citations omitted; emphases added). After a court has filed a bail forfeiture judgment, then "before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State," the "principal" may file "a motion or application . . . showing good cause why execution should not issue upon the judgment[.]" HRS § 804-51. However, the record on appeal in this case does not contain a written judgment in favor of Plaintiff-Appellee State of Hawai‘i (the State) and against Appellant Ace Bail Bonds on the forfeiture of Appellant Ace Bail Bonds' bail bond. Under analogous situations in civil cases involving motions to set aside final orders or judgments, Hawai‘i courts have noted that "a motion for reconsideration pursuant to HRCP Rule 60(b), is authorized only in situations involving final judgments." Cho v. State, 115 Hawai‘i 373, 382, 168 P.3d 17, 26 (2007) (citations and internal quotation marks omitted). Similarly, under HRS § 804-51, a motion to set aside a bail forfeiture judgment is authorized only in situations when the trial court has entered a bail forfeiture judgment. In fact, we note that, although the August 18, 2009 order purports to deny Appellant Ace Bail Bonds's motion to "reconsider" the denial of a

motion to set aside a bail forfeiture, the record on appeal

- does not contain a bail forfeiture judgment,
- does not contain a motion to set aside a bail forfeiture judgment, and
- does not contain an order denying a motion to set aside a bail forfeiture judgment.

Ace Bail Bonds did not have the right to file a motion to "reconsider" an order denying a motion to set aside a bail forfeiture judgment where the existence of the underlying matters has not been established.  Therefore, the August 18, 2009 order denying Appellant Ace Bail Bonds's motion to reconsider denial of motion to set aside bail forfeiture has not been shown to be an appealable order under HRS § 804-51.

Absent an appealable order or judgment, we lack appellate jurisdiction.

Accordingly, IT IS HEREBY ORDERED that appellate court case number 30064 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, January 6, 2010.


Chief Judge


Associate Judge


Associate Judge

-4-