**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000400
21-SEP-2022
08:02 AM
Dkt. 20 OGMD**

NO. CAAP-22-0000400

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
EMLYN H. HIGA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-22-0000513)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Ginoza, Chief Judge, Wadsworth and Chan, JJ.)

Upon consideration of Plaintiff-Appellee State of Hawaiʻi's (**State**) August 26, 2022 Motion to Dismiss for Lack of Appellate Jurisdiction, the papers in support and in opposition, and the record, it appears that the State seeks dismissal of this appeal on the basis that the District Court of the First Circuit, Honolulu Division's May 18, 2022 Notice of Entry of Judgment and/or Order (**5/18/22 Order**), from which self-represented Defendant-Appellant Emlyn H. Higa (**Higa**) appeals, is not a final appealable order or judgment, and that the "collateral order" exception, which Higa cites in his notice of appeal, does not apply.  For the following reasons, we agree.

The 5/18/22 Order is an interlocutory order that denied Higa's motion to dismiss the complaint in this criminal action based on statute of limitations.

Hawaiʻi Revised Statutes (**HRS**) § 641-12 (2016) permits appeals "from all final decisions and final judgments of district courts in all criminal matters." State v. Ontiveros, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996) (cleaned up).  There is "no

statutory warrant for interlocutory appeals in criminal cases from district courts." State v. Valiani, 57 Haw. 133, 135, 552 P.2d 75, 76 (1976). It is undisputed that the 5/18/22 Order is not a final appealable order under HRS § 641-12.

Moreover, though the Hawaiʻi Supreme Court in State v. Baranco, 77 Hawaiʻi 351, 353-55, 884 P.2d 729, 731-33 (1994), permitted an appeal in a circuit court criminal matter from a collateral, interlocutory order denying a motion to dismiss raised on double jeopardy grounds, since then, this court has declined to apply the Baranco exception outside the double jeopardy context. See, e.g., State v. Zoller, No. CAAP-11-0000518, 2011 WL 3808781, at *2 (App. Aug. 30, 2011) (order dismissing appeal); State v. Bernal, No. CAAP-11-0000474, 2011 WL 3559682, at *2 (App. Aug. 10, 2011) (same); State v. Niihau, No. 30552, 2010 WL 4113653, at *1 (App. Oct. 14, 2010) (same). Moreover, federal courts have held they lack appellate jurisdiction over interlocutory appeals from orders denying a motion to dismiss criminal charges based on statute of limitations. See U.S. v. Mandycz, 351 F.3d 222, 225-26 (6th Cir. 2003), cert. denied, 543 U.S. 816 (2004); U.S. v. Davis, 873 F.2d 900, 901, 908-09 (6th Cir. 1989), cert. denied, 493 U.S. 923 (1989); U.S. v. Weiss, 7 F.3d 1088, 1089-91 (2d Cir. 1993); U.S. v. Rossman, 940 F.2d 535, 536 (9th Cir. 1991); U.S. v. Levine, 658 F.2d 113 (3d Cir. 1981). It is undisputed that Higa did not seek to dismiss the complaint in the underlying matter on double jeopardy grounds, but rather on statute of limitations grounds; thus, the collateral-order doctrine does not apply here. Accordingly, we lack appellate jurisdiction in this interlocutory appeal from the 5/18/22 Order.

Therefore, IT IS HEREBY ORDERED that the motion is granted, and the appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, September 21, 2022.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge