127 P.3d 95

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Jeffrey Michael KILBORN, Defendant–Appellant.**

**No. 26312.**

Intermediate Court of Appeals of Hawai'i.

Dec. 27, 2005.

_____

Traci Rei Garrido Morita, Deputy Public Defender, on the briefs, for defendant-appellant.

Ryah Yeh, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

BURNS, C.J., WATANABE and LIM, JJ.

### ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION

Defendant Jeffrey Michael Kilborn (Kilborn) appeals from the December 5, 2003 Judgment entered in the District Court of the First Circuit,[1] finding Kilborn guilty of violating Hawai'i Revised Statutes (HRS) § 291C–13 (1993), and sentencing Kilborn to pay a $100 fine, a $25 criminal injuries compensation fund assessment, a $7 driver's education assessment, and a $20 administrative fee.

At the conclusion of the December 5, 2003 trial, the court stated, in relevant part:

The evidence shows that Mr. Kilborn was the driver of a vehicle, a black truck, Toyota brand pickup truck, which was reversing out of the warehouse on Kaihikapu Street. Also that was occupied by Midnight Rod and Custom.[2] And in doing so, that vehicle operated by Mr. Kilborn did strike a Nissan pickup truck, white in color, which was being worked on at Midnight Rod and Custom. And, that that Nissan pickup truck was at the time attended by [Bobby] George, who was the person working upon that vehicle.

And that after Mr. Kilborn's vehicle, in reversing, struck the Nissan truck, Mr. Kilborn's vehicle did move forward, came to a stop, and then reversed completely out of the warehouse while Mr. George was

---

1. The Honorable Gerald H. Kibe presided.

2. Midnight Rod and Custom is an auto body repair shop.

attempting to stop Mr. Kilborn and his vehicle. Mr. George did observe Mr. Kilborn in the vehicle as the driver. There was one other person as a passenger who did remark, and was heard to remark by Mr. George, that Mr. Kilborn's truck had struck another vehicle.

That Mr. Kilborn did remove himself from the scene, did not return to the scene, did not remain at the scene, and in so removing himself, failed to give his name, address, and other pertinent information required by HRS section 291C–14(a) to anyone at the scene, did not report the incident thereafter to the Honolulu Police Department.

And it was only after the police department, upon further investigation approximately a month later, was able to locate Mr. Kilborn and obtain further information, the statements from him, and also Officer Lung observed the damages that she has testified to on Mr. Kilborn's truck, which was located at his workplace on the 17th of July 2003.

(Footnote added.)

Thereafter, the Deputy Prosecuting Attorney stated, "Your Honor, the damages in this case came out to eight hundred forty-six dollars and eighty-eight cents. We're asking for restitution[.]" The court responded, in relevant part:

A restitution hearing will be scheduled and upon determination of any restitution issue, . . . I will delay any requirement on the part of Mr. Kilborn to pay any fines until such time that the restitution issue is formally and finally determined. And then any issues as far as stay pending appeal and so forth will be finalized at that time.

So, in other words, the obligation to pay . . . does not kick in as yet, in terms of the fines and other costs.

. . . .

THE COURT: . . . .

. . . .

I think the easier way to go would be this: that payment of non-restitution monetary amounts will simply be stayed until such time that they show restitution is finally addressed by the Court, this Court. To the extent that a notice of appeal is filed and the parties determine that such notice places the consideration of all restitution issues in abeyance, so be it. And by definition, the obligation to pay any fines and other costs would also be held in abeyance pending resolution of the appeal.

The Judgment ordered a hearing on restitution to occur on February 5, 2004. The notice of appeal was filed on January 5, 2004. This appeal was assigned to this court on November 17, 2004.[3]

HRS § 291C–13 (1993) states, in relevant part:

**Accidents involving damage to vehicle or property.** The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of section 291C–14. Every such stop shall be made without obstructing traffic more than is necessary. Any person failing to stop or to comply with the requirements of this section under such circumstances shall be fined not more than $100 or imprisoned not more than ten days for a first conviction[.]

HRS § 291C–14 (1993) states:

**Duty to give information and render aid.** (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is

---

3. The sole point of error argued by Defendant–Appellant Jeffrey Michael Kilborn (Kilborn) is that there is insufficient evidence that he intentionally, knowingly, or recklessly left the scene of an accident. In arguing this point, Kilborn contends that (1) the court erred in convicting him without making any express findings of fact regarding his state of mind, and (2) there was insufficient evidence to prove that he (a) was involved in the alleged accident, (b) had actual or constructive knowledge of the accident, or (c) recklessly left the scene of the accident.

driving, and shall upon request and if available exhibit the driver's license or permit to drive to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person; provided that if the vehicle involved in the accident is a bicycle, the driver of the bicycle need not exhibit a license or permit to drive.

(b) In the event that none of the persons specified is in condition to receive the information to which they otherwise would be entitled under subsection (a), and no police officer is present, the driver of any vehicle involved in the accident after fulfilling all other requirements of section 291C–12, 291C–12.5, or 291C–12.6, and subsection (a) of this section, insofar as possible on the driver's part to be performed, shall forthwith report the accident to the nearest police officer and submit thereto the information specified in subsection (a).

HRS § 701–107 (1993) states, in relevant part:

§ 701–107 **Grades and classes of offenses.** (1) An offense defined by this Code or by any other statute of this State for which a sentence of imprisonment is authorized constitutes a crime. Crimes are of three grades: felonies, misdemeanors, and petty misdemeanors. Felonies include murder in the first and second degrees, attempted murder in the first and second degrees, and the following three classes: class A, class B, and class C.

(2) A crime is a felony if it is so designated in this Code or if persons convicted thereof may be sentenced to imprisonment for a term which is in excess of one year.

(3) A crime is a misdemeanor if it is so designated in this Code or in a statute other than this Code enacted subsequent thereto, or if it is defined in a statute other than this Code which provides for a term of imprisonment the maximum of which is one year.

(4) A crime is a petty misdemeanor if it is so designated in this Code or in a statute other than this Code enacted subsequent thereto, or if it is defined by a statute other than this Code which provides that persons convicted thereof may be sentenced to imprisonment for a term of which the maximum is less than one year.

(5) An offense defined by this Code or by any other statute of this State constitutes a violation if it is so designated in this Code or in the law defining the offense or if no other sentence than a fine, or fine and forfeiture or other civil penalty, is authorized upon conviction or if it is defined by a statute other than this Code which provides that the offense shall not constitute a crime. A violation does not constitute a crime, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense.

(6) Any offense declared by law to constitute a crime, without specification of the grade thereof or of the sentence authorized upon conviction, is a misdemeanor.

(7) An offense defined by any statute of this State other than this Code shall be classified as provided in this section and the sentence that may be imposed upon conviction thereof shall hereafter be governed by this Code.

HRS § 706–605 (Supp.2004) states:

Authorized disposition of convicted defendants. (1) Except as provided in parts II [Probation] and IV [Imprisonment] of this chapter or in section 706–647 [Civil enforcement] and subsections (2) and (6) of this section and subject to the applicable provisions of this Code, the court may sentence a convicted defendant to one or more of the following dispositions:

(a) To be placed on probation as authorized by part II of this chapter;

(b) To pay a fine as authorized by part III and section 706–624 of this chapter;

(c) To be imprisoned for a term as authorized by part IV of this chapter;

(d) To make restitution in an amount the defendant can afford to pay; provided that the court may order any restitution to be paid to victims pursuant to section 706–646 or to the crime victim compensation special fund in the event that the victim has been given an award for compensation under chapter 351 and, if the court orders, in addition to restitution, payment of fine in accordance with paragraph (b), the payment of restitution and a compensation fee shall have priority over the payment of the fine; payment of restitution shall have priority over payment of a compensation fee; or

(e) To perform services for the community under the supervision of a governmental agency or benevolent or charitable organization or other community service group or appropriate supervisor; provided that the convicted person who performs such services shall not be deemed to be an employee of the governmental agency or assigned work site for any purpose. All persons sentenced to perform community service shall be screened and assessed for appropriate placement by a governmental agency coordinating public service work placement as a condition of sentence.

(2) The court shall not sentence a defendant to probation and imprisonment except as authorized by part II of this chapter.

(3) In addition to any disposition authorized in subsection (1) of this section, the court may sentence a person convicted of a misdemeanor or petty misdemeanor to a suspended sentence.

(4) The court may sentence a person who has been convicted of a violation to any disposition authorized in subsection (1) of this section except imprisonment.

(5) The court shall sentence a corporation or unincorporated association which has been convicted of an offense in accordance with section 706–608.

(6) The court shall impose a compensation fee upon every person convicted of a criminal offense pursuant to section 351–62.6; provided that the court shall waive the imposition of a compensation fee if it finds that the defendant is unable to pay the compensation fee.

(7) This chapter does not deprive the court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license, remove a person from office, or impose any other civil penalty. Such a judgment or order may be included in the sentence.

HRS § 706–646 (Supp.2004) states:

Victim restitution. (1) As used in this section, "victim" includes any of the following:

(a) The direct victim of a crime including a business entity, trust, or governmental entity;

(b) If the victim dies as a result of the crime, a surviving relative of the victim as defined in chapter 351; or

(c) A governmental entity which has reimbursed the victim for losses arising as a result of the crime.

(2) The court may order the defendant to make restitution for losses suffered by the victim or victims as a result of the defendant's offense. The court may order restitution to be paid to the crime victim compensation commission in the event that the victim has been given an award for compensation under chapter 351.

(3) Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses including but not limited to:

(a) Full value of stolen or damaged property, as determined by replacement costs of like property, or the actual or estimated cost of repair, if repair is possible;

(b) Medical expenses; and

(c) Funeral and burial expenses incurred as a result of the crime.

(4) The restitution ordered shall not affect the right of a victim to recover under section 351–33 or in any manner provided by law; provided that any amount of restitution actually recovered by the victim un-

der this section shall be deducted from any award under section 351–33.

In sum, these statutes say that a violation of HRS § 291C–13 is a petty misdemeanor crime and the sentence of a defendant convicted of any crime, including a petty misdemeanor crime, may include an order requiring the defendant to pay restitution in an amount the defendant can afford to pay.

Hawai'i Rules of Appellate Procedure Rule 4(b) (2005) states:

(b) Appeals in Criminal Cases.

(1) Time and Place of Filing. In a criminal case, the notice of appeal shall be filed in the circuit, district, or family court within 30 days after the entry of the judgment or order appealed from.

(2) Effect of Post–Judgment Motions. If a timely motion in arrest of judgment under Rule 34 of the Hawai'i Rules of Penal Procedure or for a new trial under Rule 33 of the Hawai'i Rules of Penal Procedure has been made, an appeal from a judgment of conviction may be taken within 30 days after the entry of any order denying the motion.

(3) Entry of Judgment or Order Defined. A judgment or order is entered within the meaning of this subsection when it is filed with the clerk of the court.

(4) Premature Notice of Appeal. A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be deemed to have been filed on the date such judgment or order is entered.

(5) Extensions of Time to File a Notice of Appeal. Upon showing of good cause, the circuit or district court may, no later than 30 days after the time has expired, on motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision (b). Any such motion that is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires.

Clearly, only a judgment or an order may be appealed.

HRS § 641–11 (1993) states:

**From circuit courts.** Any party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the supreme court, subject to chapter 602 in the manner and within the time provided by the Hawai'i Rules of Appellate Procedure. The sentence of the court in a criminal case shall be the judgment. All appeals, whether heard by the intermediate appellate court or the supreme court, shall be filed with the clerk of the supreme court and shall be subject to one filing fee.

Clearly, in the circuit courts in a criminal matter, the sentence of the court is the judgment.

HRS § 641–12 (1993) states, in relevant part: "**From district courts.** Appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Clearly, in the district courts in a criminal matter, only a final decision or a final judgment may be appealed. Thus, the Hawai'i Supreme Court has concluded:

HRS § 641–12 (Supp.1975) relates to criminal appeals by defendants from the district courts. It explicitly provides that: 'Appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters.' Thus, with respect to appeals by defendants in criminal cases from the district courts, HRS § 641–12 (Supp.1975) confines our jurisdiction to appeals from 'final decisions and final judgments' of the district courts.

*State v. Valiani,* 57 Haw. 133, 134, 552 P.2d 75, 76 (1976) (footnote omitted). It did not, however, state what is, or what is not, a final decision or a final judgment.

Prior to the amendment of Hawai'i Rules of Penal Procedure (HRPP) Rule 32(c)(2) in 2004, HRPP Rule 32 stated, in relevant part:

### Rule 32. Sentence and Judgment.

(a) Sentence. After adjudication of guilt, sentence shall be imposed without unreasonable delay. Pending sentence, the court may commit the defendant or continue or alter bail, subject to applicable provisions of law. Before suspending or impos-

ing sentence, the court shall address the defendant personally and afford a fair opportunity to the defendant and defendant's counsel, if any, to make a statement and present any information in mitigation of punishment.

(b) Notification of Right to Appeal. After imposing sentence, the court shall advise the defendant of his right to appeal, of the time within which a notice of appeal must be filed, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis; provided, however, that there shall be no duty on the court to give such advice in any case in which the defendant is represented by an attorney, is convicted on a plea of guilty or nolo contendere, or is convicted of an offense not a felony or misdemeanor. If the defendant so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant.

(c) Judgments.

(1) In the Circuit Court. A judgment of conviction in the circuit court shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk. The filing of the judgment in the office of the clerk constitutes the entry of the judgment.

(2) In the District Court. A judgment of conviction in the district court shall set forth the disposition of the proceedings and the same shall be entered on the record of the court. The notation of the judgment by the clerk on the calendar constitutes the entry of the judgment.[4]

(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his plea.

(Footnote added.)

■ The first sentence of HRPP Rule 32(c)(1) clearly states that a document is not a judgment of conviction unless it includes the adjudication and the sentence. In contrast, the first sentence of HRPP Rule 32(c)(2) is not as clear. For the following four reasons, however, we conclude that, under HRPP Rule 32(c)(2), a document is not a judgment of conviction unless it includes the adjudication and the sentence. First, HRPP Rule 32(a) states that "[a]fter adjudication of guilt, sentence shall be imposed without unreasonable delay." The requirement that the sentence shall be imposed without unreasonable delay contradicts the conclusion that an appeal may be taken before the complete sentence is imposed. Second, HRPP Rule 32(b) states that "[a]fter imposing sentence, the court shall advise the defendant of his right to appeal, [and] of the time within which a notice of appeal must be filed[.]" The requirement that the court's advice to the defendant of his right to appeal shall be given after imposing sentence contradicts the conclusion that an appeal may be taken before the complete sentence is imposed. Third, HRPP Rule 32(d) states that "[a] motion to withdraw a plea of guilty or of nolo contendere may be made before sentence is imposed or imposition of sentence is suspended[.]" Authorizing a motion to withdraw a plea of guilty or of nolo contendere to be made before sentence is imposed and not authorizing it after sentence is imposed contradicts the conclusion that an appeal may be taken before the complete sentence is imposed. Fourth, we are unaware of any reason why, with respect to this particular issue, there should be a difference between circuit

---

4. Effective July 1, 2004, Hawai'i Rules of Penal Procedure Rule 32(c)(2) states as follows:

(2) In the District Court. A judgment of conviction in the district court shall set forth the disposition of the proceedings and the same shall be entered on the record of the court. The filing of the written judgment, or in the event of oral judgment, the filing of the written notice of entry of judgment, in the office of the clerk constitutes entry of judgment. The judgment or notice of entry shall be signed by the judge or by the clerk, if the judge so directs.

**442**

court judgments and district court judgments.

 HRS § 641–17 (1993) states:

**Interlocutory appeals from circuit courts, criminal matters.** Upon application made within the time provided by the rules of the supreme court, an appeal in a criminal matter may be allowed to a defendant from the circuit court to the supreme court, subject to chapter 602, from a decision denying a motion to dismiss or from other interlocutory orders, decisions, or judgments, whenever the judge in the judge's discretion may think the same advisable for a more speedy termination of the case. The refusal of the judge to allow an interlocutory appeal to the appellate court shall not be reviewable by any other court.

Apparently, when the court stated that "[t]o the extent that a notice of appeal is filed and the parties determine that such notice places the consideration of all restitution issues in abeyance, so be it[,]" the court was contemplating an interlocutory appeal. However,

[t]he right to an appeal is strictly statutory. *See, e.g., State v. Dannenberg,* 74 Haw. 75, 837 P.2d 776, *reconsideration denied,* 843 P.2d 144 (1992). Appeals from the district court, in criminal cases, are authorized by HRS § 641–12, which, as previously noted, provides in pertinent part that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." (Emphasis added.) Although interlocutory appeals in criminal matters

may be taken to the supreme court from the circuit courts, there is no analogous statute authorizing interlocutory appeals from the district courts in criminal matters. See *[State v.] Valiani,* 57 Haw. [133] at 135, 552 P.2d [75] at 76 [(1976)]; *[State v.] Corpus,* 62 Haw. [297] at 297, 613 P.2d [362] at 362 [(1980)].

*State v. Ontiveros,* 82 Hawai'i 446, at 449, 923 P.2d 388, 391 (1996) (footnote omitted).

 Judgments of conviction entered in the district courts may not be appealed unless they are final. Judgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.

Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.