LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30321

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LAWRENCE DEMELLO, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2P108-02074)

ORDER GRANTING APRIL 6, 2010 MOTION TO DISMISS APPEAL
FOR LACK OF APPELLATE JURISDICTION WITHOUT PREJUDICE
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Upon review of (1) Defendant-Appellant Lawrence
DeMello, Jr.'s (Appellant DeMello), April 6, 2010 motion to
dismiss this appeal for lack of appellate jurisdiction without
prejudice and (2) the record, it appears that we lack
jurisdiction over Appellant DeMello's appeal from the Honorable
Kelsey T. Kawano's January 5, 2010 judgment of conviction
pursuant to Hawai'i Revised Statutes (HRS) § 641-12 (Supp. 2009),
and, thus, Appellant DeMello's April 6, 2010 motion has merit.

"Appeals from the district court, in criminal cases,
are authorized by HRS § 641-12, which . . . provides in pertinent
part that appeals upon the record shall be allowed from all final
decisions and final judgments of district courts in all criminal
matters." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388,
391 (1996) (internal quotation marks and brackets omitted).
However, the January 5, 2010 judgment in this case is not final,
because, although the January 5, 2010 judgment indicates the
district court's intent to sentence Appellant DeMello to
restitution, and the district court has not yet entered an order
or judgment that determines the specific amount of restitution

that Appellant DeMello must pay. Under similar circumstances in an appeal from a district court judgment, the intermediate court of appeals has held that:

> [j]udgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.
>
> Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

State v. Kilborn, 109 Hawaiʻi 435, 442, 127 P.3d 95, 102 (App. 2005). Similarly in the instant case, the January 5, 2010 judgment and a March 31, 2010 order indicate that the district court has intended to sentence Appellant DeMello to pay restitution in an amount that the district court would determine at a later date. Consequently, the January 5, 2010 judgment is not final, and, thus, the January 5, 2010 judgment is not appealable under HRS § 641-12 (Supp. 2009).

Absent an order or judgment that specifically determines the amount of restitution that Appellant DeMello must pay as a part of his sentence, the sentence in this case is not yet complete, and we lack appellate jurisdiction under HRS § 641-12. Therefore,

IT IS HEREBY ORDERED that Appellant DeMello's April 6, 2010 motion to dismiss this appeal for lack of appellate jurisdiction without prejudice is granted, and appellate court case number 30321 is dismissed. This order of dismissal does not preclude Appellant DeMello from asserting a new appeal under a

new appellate court case number when and if the district court makes Appellant DeMello's judgment of conviction final by entering an appealable written order or judgment that determines the amount of restitution that Appellant DeMello is required to pay as a part of his sentence.

DATED: Honolulu, Hawai'i, May 4, 2010.

Chief Judge

Associate Judge

Associate Judge