**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000652
23-DEC-2020
07:52 AM
Dkt. 58 SO**

NO. CAAP-19-0000652

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOVAN H. BROWN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DCW-19-0001617)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Defendant-Appellant Jovan H. Brown (**Brown**) appeals from the June 20, 2019 Judgment and Notice of Entry of Judgment (**June 2019 Judgment**) and August 23, 2019 Amended Judgment and Notice of Entry of Judgment (**August 2019 Judgment**), entered by the District Court of the Third Circuit, Kona Division (**District Court**).[1] The District Court convicted Brown of: (1) Criminal Trespass in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-814(1)(b) (Supp. 2018);[2] and (2) Criminal Property Damage

---

[1] The Honorable Margaret K. Masunaga presided.

[2] HRS § 708-814(1)(b) provides, in relevant part:

    (1) A person commits the offense of criminal trespass in the second degree if:

    . . . .

    (b)  The person enters or remains unlawfully in or upon commercial premises after a reasonable warning or request to leave by the owner or lessee of the commercial premises, the owner's or lessee's authorized agent, or a police

(continued...)

in the Fourth Degree, in violation of HRS § 708-823(1) (2014).[3]

On appeal, Brown argues that the District Court: (1) lacked jurisdiction to impose restitution as part of its sentence on August 23, 2019 because the June 2019 Judgment was a "final judgment"; and (2) abused its discretion and violated Brown's due process rights by imposing restitution without sufficient evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Brown's points of error as follows:

(1) The June 2019 Judgment set a subsequent hearing "to determine restitution" and thus expressly indicated that the District Court might order restitution as part of its sentence. Accordingly, the June 2019 Judgment was not a final judgment, and the District Court had jurisdiction to order restitution on August 23, 2019. See State v. Kilborn, 109 Hawaiʻi 435, 442, 127 P.3d 95, 102 (App. 2005); HRS § 706-605 (2014 & Supp. 2018).

Brown contends that Kilborn is distinguishable because the District Court "imposed" its sentence upon entering the June 2019 Judgment. However, this court's holding in Kilborn did not turn on whether the district court had "imposed" or stayed any aspect of its sentence before ordering restitution. Kilborn, 109 Hawaiʻi at 442, 127 P.3d at 102. Rather, this court concluded that the judgment was not final based on the fact that the district court "expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution." Kilborn, 109 Hawaiʻi at 442, 127 P.3d at 102. Because the District Court here expressly left open the same possibility as to Brown, Kilborn controls and the June 2019

---

[2] (...continued)
　　　　officer; provided that this paragraph shall not apply to any conduct or activity subject to regulation by the National Labor Relations Act.

[3]　　HRS § 708-823(1) provides:

　　　(1) A person commits the offense of criminal property damage in the fourth degree if by means other than fire, the person intentionally or knowingly damages the property of another without the other's consent.

2

Judgment was not a final judgment.[4/]

(2)  We cannot determine, based on the record, whether the District Court's restitution award was proper.  Specifically, it appears that in ordering restitution, the District Court relied on two invoices purported to evidence costs incurred by the complaining witness, but the receipts were not entered into evidence or otherwise made part of the record.  Accordingly, we vacate the restitution portion of the August 2019 Judgment and remand the case for the District Court to hold a new restitution hearing.

Therefore,

IT IS HEREBY ORDERED that (1) the Judgment and Notice of Entry of Judgment, entered by the District Court on June 20, 2019, is affirmed, and (2) the portion of the Amended Judgment and Notice of Entry of Judgment, entered by the District Court on August 23, 2019, which ordered Brown to pay the restitution amount is vacated.  The case is remanded to the District Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, December 23, 2020.


On the briefs:

Sara K. Haley,
Deputy Public Defender,
for Defendant-Appellant.

Leneigha S. Downs,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[4/]     To the extent Brown relies on the docket description for the June 20, 2019 docket entry indicating "Judgment Complete," the entry appears to be a clerical error.  Brown does not cite any authority that a generic docket description in the Judiciary Information Management System supersedes or otherwise alters the legal effect of the plain language in the accompanying written order or judgment, and we have found none.