**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000114**
**15-MAR-2021**
**12:19 PM**
**Dkt. 18 ODSLJ**

NO. CAAP-19-0000114

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MADELYN AMAR, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
ʻEWA DIVISION
(CASE NO. 1DTA-18-02966)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon consideration of the March 4, 2021 "Motion to Supplement Record on Appeal or to Dismiss Appeal" (**Motion**), which we construe as a motion to supplement the record on appeal and for relief from default and an extension of time to file the jurisdiction statement and opening brief, or to dismiss the appeal, by Defendant-Appellant Madelyn Evelyn Amar (**Amar**), the papers in support, and the record, it appears we lack appellate jurisdiction over Amar's appeal.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The court has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" Hawaii Revised Statutes (**HRS**) § 602-57(1) (2016). HRS § 641-12 (2016) provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters."

Under HRS § 641-12, "[j]udgments of conviction entered in the district courts may not be appealed unless they are final," and "[j]udgments of conviction are not final unless they include the final adjudication <u>and the final sentence</u>." <u>State v. Kilborn</u>, 109 Hawaiʻi 435, 442, 127 P.3d 95, 102 (2005) (emphasis added). Here, the District Court of the First Circuit's (**district court**) February 5, 2019 Notice of Entry of Judgment and/or Order and Plea/Judgment (**2/5/19 Judgment**) expressly reserves ruling on restitution and a driver's license revocation and, thus, is not final and appealable under HRS § 641-12. Consequently, the notice of appeal from the 2/5/19 Judgment is jurisdictionally defective.[1]

The district court's March 1, 2021 Notice of Entry of Judgment and/or Order (**3/1/21 Judgment**), which sentences Amar to a one-year driver's license revocation and declines to order restitution, is final and appealable under HRS § 641-12[2] because it is the final judgment in a series entered by the district court to express its final decision and sentence. However, Amar's notice of appeal from the 2/5/19 Judgment is not deemed to have been filed immediately after entry of the 3/1/21 Judgment, under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(b)(4), because when Amar filed it, the district court had not announced its sentence. <u>See</u> HRAP Rule 4(b)(4). <u>See also</u>, <u>e.g.</u>, <u>Grattafiori v. State</u>, 79 Hawaiʻi 10, 14, 897 P.2d 937, 941 (1995).

In criminal cases, the Hawaiʻi Supreme Court has recognized two exceptions to the requirement that notices of appeal be timely filed: where "(1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance; or (2) the trial court's decision was unannounced and no notice of

---

[1] On February 21, 2020, when the court issued its temporary remand order, the court had not analyzed whether the February 5, 2019 Judgment was final and appealable and thus whether the notice of appeal was jurisdictionally sufficient.

[2] The district court retained jurisdiction to enter the 3/1/21 Judgment. <u>See</u> <u>State v. Ontiveros</u>, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996).

the entry of judgment was ever provided." <u>State v. Irvine</u>, 88 Hawaiʻi 404, 407, 967 P.2d 236, 239 (1998) (citations omitted). However, neither exception applies here. In particular, it appears that the time to appeal from the 3/1/21 Judgment has not yet expired.

Amar's Motion acknowledges that the 2/5/19 Judgment was not final and appealable and requests that this court supplement the record on appeal with the 3/1/21 Judgment or dismiss the present appeal. However, the Motion is not supported by an "affidavit or declaration that reflects a knowing and intelligent understanding of the consequences of the dismissal of the appeal and that the withdrawal is made voluntarily," as required by HRAP Rule 42(c).

Therefore, IT IS HEREBY ORDERED that the motion to dismiss the appeal is denied for its failure to comply with HRAP Rule 42(c).

IT IS HEREBY FURTHER ORDERED that the appeal is dismissed for lack of appellate jurisdiction without prejudice to Amar filing a timely notice of appeal from the 3/1/21 Judgment.

IT IS HEREBY FURTHER ORDERED that the motion for relief from default and extensions of time to file the jurisdiction statement and opening brief is dismissed as moot in light of our dismissal of the appeal.

DATED: Honolulu, Hawaiʻi, March 15, 2021.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge