**FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000637
03-JUN-2026
07:55 AM
Dkt. 86 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

---oOo---

STATE OF HAWAI‘I, Plaintiff-Appellee,
v.
NATANHAEL RIVERO-GARCIA, Defendant-Appellant

NO. CAAP-24-0000637

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DTA-24-00206)

June 3, 2026

NAKASONE, CHIEF JUDGE, HIRAOKA AND WADSWORTH, JJ.

OPINION OF THE COURT BY HIRAOKA, J.

Natanhael **Rivero-Garcia** pleaded no contest to operating a vehicle under the influence of an intoxicant (**OVUII**). The District Court of the Third Circuit, North and South Kona Division, accepted his plea. He was sentenced to complete substance abuse assessment and treatment at his own expense, and the required $250 drug demand reduction assessment was taken under advisement for one year subject to completion of substance

abuse assessment and treatment.[1]  A compliance hearing was set. Rivero-Garcia moved to strike the compliance hearing.  The district court denied the motion.[2]

Rivero-Garcia appeals from the *Findings of Fact, Conclusions of Law, and **Order** Denying Defendant's Motion to Strike Proof of Compliance Hearings*.  We reverse the Order.  We hold that the district court exceeded its authority under Hawaii Revised Statutes (**HRS**) § 291E-61 when it required Rivero-Garcia to appear for compliance review hearings.

## I.  BACKGROUND

Rivero-Garcia was charged with OVUII as a highly intoxicated driver, in violation of HRS § 291E-61(a)(1), (a)(3), and (b)(4) (2020 & Supp. 2023).  Under a plea agreement, he pleaded no contest to the lesser charge of OVUII as a first offense without the highly intoxicated driver enhancement.  The district court accepted his plea and entered a **Judgment** *and Notice of Entry of Judgment* on May 2, 2024.

Rivero-Garcia was sentenced to complete substance abuse assessment and treatment, and to pay a $250 drug demand reduction fee.  The Judgment stated the fee was "<u>taken under advisement</u> for 1 year and subject to be waived on successful completion of required substance abuse assessments and treatments."  (Emphasis added.)  Rivero-Garcia was ordered to appear on July 5, 2024, for a compliance review.

---

[1]     The Honorable Kimberly B.M. Tsuchiya presided.

[2]     The Honorable Ann S. Datta presided.

Before the compliance hearing, the Division of Driver Education (**DDE**) reported that Rivero-Garcia hadn't complied with the substance abuse assessment and treatment requirement. The compliance hearing was continued to August 1, 2024.

Before the continued compliance hearing, DDE reported that Rivero-Garcia still hadn't complied with the substance abuse assessment and treatment requirement. The compliance hearing was continued again to September 5, 2024.

Rivero-Garcia moved to strike the compliance hearing. The motion was heard on September 5, 2024. The district court denied the motion and continued the compliance hearing to November 7, 2024. The Order was entered on September 5, 2024. Rivero-Garcia filed a notice of appeal from the Order on October 3, 2024, creating this appeal.

Meanwhile, on September 12, 2024, DDE reported that Rivero-Garcia had completed substance abuse assessment and no treatment was recommended. The ***Amended Judgment*** *and Notice of Entry of Amended Judgment as to Drug Demand Reduction Fee* was entered on November 7, 2024. It stated: "Defendant is in full compliance with their sentence. Court waives the drug demand reduction fee and takes no further action."

## II. DISCUSSION

### A. Jurisdiction.

Before reaching the merits of Rivero-Garcia's appeal, we must ensure we have jurisdiction and dismiss an appeal on our own if we conclude we lack jurisdiction. Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003).

HRS § 641-12(a) (2016) provides:

> Appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters. Such appeals may be made to the intermediate appellate court, subject to chapter 602, whenever the party appealing shall file notice of the party's appeal within thirty days, or such other time as may be provided by the rules of the court.

Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 32(c)(2) applies to district court judgments of conviction. Under HRPP Rule 32(c)(2), "a document is not a judgment of conviction unless it includes the adjudication and the sentence." State v. Kilborn, 109 Hawaiʻi 435, 441, 127 P.3d 95, 101 (App. 2005). In Kilborn we held:

> Judgments of conviction entered in the district courts may not be appealed unless they are final. Judgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. ***The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount***. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.

Id. at 442, 127 P.3d at 102 (emphasis added).

Here, the May 2, 2024 Judgment was not a final judgment because it did not finally decide whether the HRS § 706-650 drug demand reduction fee would be imposed or waived; that sentencing component was specifically "taken under advisement[.]" It "expressly left open the possibility that" the fee might be waived. See Kilborn, 109 Hawaiʻi at 442, 127 P.3d at 102. The September 5, 2024 Order, which denied Rivero-Garcia's motion to strike the compliance hearing, was thus interlocutory when Rivero-Garcia's notice of appeal was filed. The final sentence

4

was imposed in the November 7, 2024 Amended Judgment. Rivero-Garcia did not appeal from the Amended Judgment.

But, under the unique circumstances of this case, we conclude we have jurisdiction under the collateral order exception. "[U]nder the collateral order exception, an interlocutory order is appealable if it: (1) fully disposes of the question at issue; (2) resolves an issue completely collateral to the merits of the case; and (3) involves important rights which would be irreparably lost if review had to await a final judgment." State v. Baranco, 77 Hawaiʻi 351, 353–54, 884 P.2d 729, 731–32 (1994).

Rivero-Garcia's motion to strike the compliance hearing did not challenge his conviction, the sentence imposed, or the sentence taken under advisement. It challenged only the procedure requiring that he appear for compliance hearings, which he argued was akin to probation, prohibited by HRS § 291E-61(b) ("A person committing the offense of [OVUII] shall be sentenced without possibility of probation or suspension of sentence.").

The Order fully disposed of the question whether the district court was authorized to order compliance review hearings under HRS § 291E-61(b). That issue was completely collateral to the merits of Rivero-Garcia's conviction and sentence. And Rivero-Garcia's ability to challenge the Order could be lost if he was required to wait for entry of an amended judgment; an appeal could be moot once a sentence finalizing the drug demand reduction fee was entered.[3]

---

[3] The State does not argue, and we express no opinion, whether this appeal is moot, or if an exception to the mootness doctrine would apply. See Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5-8, 193 P.3d 839, 843-46 (2008).

>    **B.** **The district court exceeded its authority under HRS § 291E-61(h) by requiring Rivero-Garcia to appear for compliance review hearings.**

Rivero-Garcia contends that the district court had no authority to require his appearance at compliance review hearings because review hearings are akin to probation, and the statute under which he was convicted does not allow a sentence of probation.

The district court concluded it "has statutory authority to enforce the Judgment entered in this case. HRS section 604-7(a); [State v. ]Fay, [154 Hawaiʻi 305, 550 P.3d 1163 (2024)]." We review conclusions of law *de novo*. Cowan v. Exclusive Resorts PBL1, LLC, 156 Hawaiʻi 268, 272, 574 P.3d 288, 292 (2025).

HRS § 607-7 (2016) provides:

>    (a)   The district courts may:
>
>    . . . .
>
>    (4)   Enforce judgments; and punish contempts according to law[.]

State v. Fay concerned enforcement of a free standing order of restitution. Fay pleaded no contest to OVUII and agreed to pay restitution to the owner of the car she had driven into a tree. The trial court ordered Fay to pay $50 per month, entered a freestanding order of restitution, and ordered Fay to return to court in six months for a compliance hearing. The court rejected Fay's objection to the compliance hearing. Fay appealed.

The supreme court noted that a trial court can order restitution as a condition of probation, or in a freestanding

6

order.  Fay, 154 Hawaiʻi at 307, 550 P.3d at 1165.  HRS § 291E-61(b) does not allow a sentence of probation for OVUII.  A freestanding order was entered.  If a person subject to a freestanding order of restitution defaults, the creditor can pursue a civil enforcement action.  Fay, 154 Hawaiʻi at 307, 550 P.3d at 1165 (citing HRS § 706-644(5)).  Or the trial court could order the person arrested and imprisoned.  Id. (citing HRS § 706-644(1)).

Under those circumstances, the supreme court held:

> Unless the person defaults, the law doesn't permit the district court to do anything.  **The criminal case is over**.
>
> . . . .
>
> HRS § 706-644(1) only allows restitution compliance hearings upon a default, then a motion, then a hearing. **Setting a compliance hearing at the outset precociously upends the statutory process**.  Since the district court scheduled a court appearance for Fay when it sentenced her, it erred.
>
> . . . .
>
> For sure, a court may enforce its judgments. Otherwise, a judgment has little real value.  HRS § 604-7 provides a district court's general power: "[t]he district courts may: . . . (4) Enforce judgments; and punish contempts according to law."
>
> Specific statutes, though, control over general ones. HRS § 706-644 is a specific statute relating to "consequences of nonpayment" for a court-ordered "fee, fine or restitution."  HRS § 706-644's treatment of restitution orders is more specific than HRS § 604-7's general power. So HRS § 706-644 and the restitution-related laws triumph to the extent that those laws conflict with HRS § 604-7.  HRS § 604-7 does not empower courts to hold restitution compliance hearings outside HRS § 706-644's parameters.

Id. at 307-08, 550 P.3d at 1165-66 (emphasis added) (citation omitted).

Here, HRS §§ 291E-61(h) and 706-650 are the specific statutes that apply.  HRS § 291E-61 (Supp. 2023) provides:

> (b)   A person committing the offense of operating a vehicle under the influence of an intoxicant **shall be**

*sentenced without possibility of probation* or suspension of sentence as follows . . . [.]

. . . .

        (h)    Whenever a court sentences a person pursuant to subsection (b), it also shall require that the offender be referred to the driver's education program for an assessment, by a certified substance abuse counselor deemed appropriate by the court, of the offender's substance abuse or dependence and the need for appropriate treatment.  The counselor shall submit a report with recommendations to the court.  The court shall require the offender to obtain appropriate treatment if the counselor's assessment establishes the offender's substance abuse or dependence.  *All costs for assessment and treatment shall be borne by the offender*.

(Emphasis added.)

        HRS § 706-650 (Supp. 2023) provides:

        **Drug demand reduction assessments; special fund**. (1) In addition to any disposition authorized by chapter 706 or 853, any person who is:

        . . . .

        (d)    Convicted under section . . . 291E-61[;]

        . . . .

shall be ordered to pay a monetary assessment under subsection (2), except as provided under subsection (5).

        (2)    Monetary assessments for individuals subject to subsection (1) shall not exceed the following:

        . . . .

        (e)    $250 when the person has been found guilty of an offense under section . . . 291E-61[.]

        . . . .

        (5)    If the court determines that the person has the ability to pay the monetary assessment . . . the court may order the person to undergo a substance abuse treatment program at the person's expense.  *If the person undergoes a substance abuse treatment program at the person's expense, the court may waive or reduce the amount of the monetary assessment*.

(Bold italics added.)

        The district court referred Rivero-Garcia to DDE "for an assessment, by a certified substance abuse counselor deemed appropriate by the court, of [his] substance abuse or dependence and the need for appropriate treatment."  DDE had to submit the

counselor's report and recommendations to the district court. Id. If the counselor reported substance abuse or dependence and recommended treatment, the district court "shall require the offender to obtain appropriate treatment" at the offender's expense. Id.

Rivero-Garcia does not argue he wasn't able to pay the $250 drug demand reduction assessment. The district court was thus authorized to impose the assessment. HRS § 706-650(5) allows the court to "waive or reduce the amount of the monetary assessment" if the defendant "undergoes a substance abuse treatment program at the person's expense[.]" But the district court can't know whether treatment will be recommended until after DDE submits the substance abuse counselor's report required under HRS § 291E-61(h).

Nothing in HRS § 291E-61(h) requires that the counselor submit a report, or that the defendant complete substance abuse assessment and any recommended treatment, within a particular time. Nothing in HRS § 706-650(5) requires a defendant to complete substance abuse assessment and any recommended treatment within a particular time to be eligible for a waiver or reduction of the drug demand reduction assessment. Imposing sentence but taking the drug demand reduction assessment "under advisement for 1 year and subject to be waived on successful completion of required substance abuse assessments and [(any recommended)] treatments" puts an arbitrary deadline on a defendant's completion of the substance abuse assessment, and any applicable treatment, not contemplated by HRS §§ 291E-61 or 706-650. It places an undue burden on a defendant who, although able to pay

the $250 fee, isn't able to immediately pay for a substance abuse assessment and any recommended treatment.

And HRS § 291E-61(h) does not authorize the district court to set compliance review hearings, which are akin to terms and conditions of probation. Doing so "upends" the statutory process. Fay, 154 Hawaiʻi at 308, 550 P.3d at 1166.

After accepting Rivero-Garcia's no contest plea, the district court could, as one possible alternative, have sentenced him to complete a substance abuse assessment and any recommended treatment, and to pay the statutory drug demand reduction assessment, to be reimbursed under HRS § 706-650(5)[4] if and when DDE reported that no substance abuse treatment was recommended or that Rivero-Garcia had paid for and completed recommended treatment. That would have been a final sentence, with no post-judgment compliance hearing required.

### III. CONCLUSION

The September 5, 2024 *Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Strike Proof of Compliance Hearings* is reversed.

On the briefs:

Jon Ikenaga,
Benjamin E. Lowenthal,
Sara K. Haley,
Office of the Public Defender,
for Defendant-Appellant.

Kelden B.A. Waltjen,
Prosecuting Attorney,
Charles E. Murray III,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[4]     Reimbursement could be paid from the drug demand reduction assessments special fund established under HRS § 706-650(3).